## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | |
| PATRICIA FOUNTAIN | : | |
| LARRY ISHMAEL | : | NO.  12-155 |

### ORDER

**AND NOW**, this            day of                        , 2017, upon consideration of

Defendants' Motions under 28 U.S.C. § 2255, the Government's Response, the other documents

filed by the parties, and after review of the Report and Recommendation of United States

Magistrate Judge Carol Sandra Moore Wells, is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;

2. The § 2255 Motions (Document Nos. 249, 251) are **DISMISSED AND DENIED**, without an evidentiary hearing; and

3. Defendants have neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of their claims.  Consequently, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

BY THE COURT:

_____

JOEL H. SLOMSKY, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | |
| PATRICIA FOUNTAIN | : | |
| LARRY ISHMAEL | : | NO.  12-155 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                     December 5, 2016

Presently before the court are Motions under 28 U.S.C. § 2255 filed by Patricia Fountain and Larry Ishmael.  Fountain is serving a 228 month sentence at the Secure Female Facility-Hazelton; Ishmael is serving a 144 month sentence at the Federal Correctional Institution-Schuylkill; both raise identical claims of ineffective assistance of counsel and sentencing error. The Honorable Joel H. Slomsky referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that all of Fountain and Ishmael's claims be dismissed or denied.

## I.      BACKGROUND

On direct appeal, the Third Circuit described the relevant factual background as follows.

> Between 2007 and 2012, [Fountain], an IRS employee, helped orchestrate several schemes to fraudulently obtain cash refunds from the IRS.  These schemes involved filing false tax returns that claimed refunds pursuant to the Telephone Excise Tax Refund ("TETR"), the First Time Home Buyer Credit ("FTHBC"), or the American Opportunity Tax Credit ("AOTC").  Fountain employed her knowledge of the IRS's fraud detection procedures to avoid suspicion, including that TETR claims below $1,500 would not be flagged for review.  Over time, Fountain and her significant other, [Ishmael], enlisted various people, including Appellant Calvin Johnson, Jr., to recruit claimants who would provide their personal information in exchange for a portion of a cash refund.  During the same period, Johnson became involved in

an additional conspiracy with some of his family members and other acquaintances that involved submitting fraudulent FTHBC and AOTC claims.

After a two-week trial, a jury convicted Fountain, Ishmael, and Johnson on multiple counts of conspiracy and filing false claims to the IRS in violation of 18 U.S.C. §§ 286 and 287. Fountain was also convicted on one count of Hobbs Act Extortion and two counts of making or presenting false tax returns, violations of 18 U.S.C. § 1951(a) and 26 U.S.C. § 7206, respectively. Additionally, Johnson was convicted of filing false claims to the IRS while on pretrial release in violation of 18 U.S.C. §§ 287 and 3147(1).

Fountain moved for a judgment of acquittal after trial on the Hobbs Act charge, which the District Court denied. Following evidentiary hearings on the dollar amounts involved in the Defendants' schemes, the District Court sentenced Fountain to 228 months' imprisonment and a three-year term of supervised release, and ordered her to pay restitution of $1,740,221.40. The District Court sentenced Ishmael to 144 months' imprisonment and a three-year term of supervised release, and ordered him to pay restitution of $1,751,809.40. Finally, the District Court sentenced Johnson to 216 months' imprisonment and a three-year term of supervised release, and ordered him to pay restitution of $1,248,392.40. Each of these sentences fell within the applicable Guidelines ranges after the District Judge imposed various enhancements.

*United States v. Fountain*, 792 F.3d 310, 314 (3d Cir. 2015). On appeal, Fountain claimed that the evidence was insufficient to sustain her Hobbs Act conviction. *Id.* Additionally, Fountain, Ishmael and Johnson challenged the Sophisticated Means enhancement to their sentencing guideline calculation, *id.* at 318-21, Fountain challenged her enhancement for Using a Minor, *id.* at 321, and Johnson challenged his Leadership Role enhancement and the District Court's loss calculation. *Id.* at 321-22. Finally, Fountain and Johnson challenged the substantive and procedural reasonableness of their sentences. *Id.* at 322-23. The Third Circuit denied all of their claims and affirmed the judgment of the District Court. *Id.* at 314-23.

Fountain and Ishmael have filed identical § 2255 Motions, claiming: (1) trial counsel was ineffective for sending the trial judge a threatening email; (2) trial counsel was ineffective

for failing to adequately cross-examine certain prosecution witnesses; (3) the District Court misapplied the Sentencing Guidelines because the defendant had no prior contact with the criminal justice system; and (4) the District Court's loss calculation was erroneous.  Fountain's Mot. at 6-7, 9-10; Ishmael's Mot. at 6-7, 9-10.  The Government counters that the ineffective assistance claims lack merit and the sentencing claims are procedurally barred.  Resp. at 3-8. This court agrees that Fountain and Ishmael may not obtain § 2255 relief.

## II.    DISCUSSION

### A.    Ishmael's Claim 3 and Both Defendants' Claim 4 are Procedurally Defaulted

It is well-established that claims available but omitted on direct appeal are procedurally barred from being considered in a § 2255 Motion, absent cause and prejudice, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), or actual innocence.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  Fountain and Ismael could have raised Claim 4, which challenges the District Court's loss calculation, during their direct appeal, but did not.  Hence, their claims are procedurally defaulted.  *Massaro*, 538 U.S. at 504.  Further, on direct appeal, Ishmael failed to challenge his sentence on the ground that he had no prior contact with the criminal justice system, hence, his Claim 3 is also procedurally defaulted.  *Id.*  Fountain and Ishmael have failed to demonstrate cause and prejudice to excuse their defaults of these claims and they have not presented any evidence of their actual innocence.  Therefore, the procedurally defaulted claims may not be considered on their merits.

### B.    Fountain's Claim 3 May Not Be Re-Litigated

It is also well-established that a defendant may not use a § 2255 motion to re-litigate a claim raised on direct appeal.  *See United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993).  On direct appeal, Fountain claimed that the District Court failed to properly consider her

first-time offender status when it sentenced her. *See* 792 F.3d at 322. She may not re-ligate this claim herein. *See DeRewal*, 10 F.3d at 105 n.4.

**C.      Claims 1 and 2 Lack Merit**

    **1.      Standard for Ineffective Assistance**

Federal habeas ineffective assistance of counsel claims are measured against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [defendant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted).

Second, the defendant must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [defendant] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If the defendant fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be found

ineffective for failing to present an unmeritorious claim or objection. *Johnson v. Tennis*, 549 F.3d 296, 301 (3d Cir. 2008).

### 2.      Claim 1 Lacks Merit

Fountain and Ishmael claim that an attorney's threatening email to the trial judge affected the trial. This claim refers to an email Fountain's attorney, Michael J. Engle, sent to the trial judge when Engle sought a continuance of Fountain's sentencing hearing. (N.T. 7/7/13 at 2). Since Engle sent the email several months after the trial had ended, it could not possibly have affected the outcome at trial. Moreover, this email was sent by Fountain's attorney, not Ishmael's, hence, there is no basis to fault Ishmael's counsel for it. Therefore, Claim 1 lacks merit.

### 3.      Claim 2 Lacks Merit

Both Fountain and Ishmael claim that their attorneys were ineffective because they generally failed to challenge the credibility of the Government's informant witnesses, to discredit one informant witness based on his parole status, and to seek to exclude hearsay testimony of a "hair stylist." These assertions of nonfeasance are belied by the record.

First, Fountain's counsel, Engle, explicitly attacked the credibility of informant witness Howard Chisolm.[1] (N.T. 3/5/13 at 230-43) Next, Ishmael's counsel, F. Michael Medway, attacked the credibility of informant witness Calvin Johnson, Sr. (N.T. 3/8/13 at 87-91). In addition, Fountain's hair stylist, Natashia Witherspoon, did not provide any hearsay testimony. (N.T. 3/5/13 at 93-163). Rather, Witherspoon admitted that she had assisted Fountain in carrying out the fraudulent TETR scheme. *Id.* at 103-11, 119-23. Moreover, Witherspoon recounted Fountain's instructions about how to carry out the scheme. *Id.* Inasmuch as Witherspoon was

---

[1] Chisolm was on parole at the time of the charged offenses. (N.T. 3/5/13 at 232). Engle cross-examined Chisolm about this issue. *Id.* at 232, 241.

present in court, none of this testimony would be considered hearsay.  *See* Fed. R. Ev. 801(d)(2)(A).  Finally, the trial judge appropriately instructed the jury to consider the testimony of any informant witnesses "with great care and caution."  ( N.T. 3/12/13 at 124).  The court's cautionary instruction renders harmless any perceived deficiency in counsel's cross-examination of the informants.  *See United States v. Gordon*, 2004 WL 1879988, at *4 (E.D. Pa. 2004).  For all these reasons, Claim 2 fails.

### III.    CONCLUSION

All of Defendants' claims are procedurally defaulted, previously litigated, or lack merit. Reasonable jurists would not debate this court's procedural and substantive dispositions of Defendants' claims; therefore a certificate of appealability should not issue for any claim.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, I make the following:

### <u>RECOMMENDATION</u>

**AND NOW**, this 5th day of December, 2016, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Defendants' claims be **DISMISSED** and **DENIED**, without an evidentiary hearing.  Defendants have not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability for any of their claims. It be so **ORDERED**.


    */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge